UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA GONZALEZ,

                              Plaintiff,

        -against-

RANA POULTRY CORP., et al.,

                              Defendants.

No. 1:24-cv-09592 (JLR) (KHP)

**ORDER ADOPTING REPORT**
**AND RECOMMENDATION**

JENNIFER L. ROCHON, United States District Judge:

On February 18, 2025, the Clerk of the Court entered a certificate of default as to

Defendant Rana Poultry Corp. d/b/a Sana Live Poultry ("Rana Poultry"). Dkt. 12. On March

18, 2025, Plaintiff voluntarily dismissed Defendants Sala Doe and Yamal Doe, *see* Dkt. 17.

Plaintiff thereafter moved for a default judgment and damages on May 8, 2025. Dkt. 23. On

May 9, 2025, the Court referred Plaintiff's motion for default judgment and damages to

Magistrate Judge Katharine H. Parker for a Report and Recommendation. *See* Dkt. 26.

In the Report and Recommendation filed on January 9, 2026, Magistrate Judge Parker

recommended that the motion for default judgment be granted. *See* Dkt. 38. Magistrate Judge

Parker further recommended that Plaintiff be awarded compensatory damages in the amount of

$56,406.45, consisting of $24,095.70 of unpaid minimum wages, *id.* at 8-9, $20,736.75 of unpaid

overtime wages, *id.* at 10, $11,574.00 in spread-of-hour wages, *id.* at 11; liquidated damages in

the amount of $56,406.45, *id.* at 12; statutory damages in the amount of $10,000, *id.* at 12-14;

pre-judgment interest on the compensatory damages at a rate of 9% per year from November 16,

2022, to the date the Court adopts this Report and Recommendation, *id.* at 14-15; and post-

judgment interest at a rate set forth in 28 U.S.C. § 1961, *id.* at 19. Finally, Magistrate Judge

Parker recommended that the Plaintiff be awarded attorneys' fees of $2,190.00 and costs of

$482.70. *Id.* at 15-18.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). "A decision is 'clearly erroneous' when the reviewing Court is left with the definite and firm conviction that a mistake has been committed." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-04394 (AJN), 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018) (quoting *Courtney v. Colvin*, No. 13-cv-02884 (AJN), 2014 WL 129051, at *1 (S.D.N.Y. Jan. 14, 2014)).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Dkt. 38. In addition, the Report and Recommendation expressly called parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) ("[F]ailure to object timely to a report waives any further judicial review of the report.").

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned, grounded in fact

and law, and free from clear error.  Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Court hereby GRANTS the motion for default and the plaintiff is awarded $122,812.90 in damages; pre-judgment interest at a rate of $13.91 per diem, running from November 16, 2022, to the January 27, 2026, which totals to $16,245.06; post-judgment interest at a rate set forth in 28 U.S.C. § 1961; and attorneys' fees of $2,190.00 and $482.70 in costs.

The Clerk of Court is respectfully directed to enter the aforementioned judgment in favor of Plaintiff, terminate Dkt. 23, and close the case.

Dated: January 27, 2026
       New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge